The defendants filed their answer, and submitted whether they were not trustees for the benefit of the slaves, and whether the County Court had jurisdiction. Certain issues were submitted to a jury on the trial below, when the petitioners offered to prove the actual payment of the consideration expressed in the deeds from Lowe's children to them; the court deemed it unnecessary. The defendants also offered to prove a want of consideration in the deeds, which was rejected by the court as inadmissible.
It was submitted to the Supreme Court to say whether the County Court had jurisdiction of the case; this was the principal question.
The court wherein a petition is filed for distributive shares under the act of 1762 is invested with such a portion of equitable jurisdiction as is necessary to effect complete and final justice in relation to those subjects. If this petition had been filed in a court of chancery, the assignment of the distributive shares for a valuable consideration would have placed the assignees in the situation of the distributees; and the deed is conclusive evidence that such consideration was paid. That fact being ascertained, it would have been in all respects a question between those entitled to distribution and those bound to distribute. When courts have a concurrent jurisdiction, it would be a mischievous anomaly to measure out their justice by different rules, and I cannot doubt that it was the design of the Legislature to give to the Superior and County Courts full jurisdiction to decide upon these cases. Every part of the act, and especially the mode of proceeding so precisely laid down in it, serves to confirm this idea. *Page 260