Gaston, Judge.
 

 — We deem it necessary to decide but one of the points presented for our consideration, in this
 
 *43
 
 case. Whether the instrument purporting to be an assignment to the plaintiff of the distributive share, to which the defendant’s testator was entitled, and for which he had obtained a decree, was originally delivered as a
 
 deed
 
 or as an
 
 escroto ;
 
 whether if delivered as an escrow, it became his deed
 
 by relation,
 
 from the time of the original delivery; whether if the first delivery were as an escrow, a subsequent delivery as a deed was not made; or, whether there was not evidence, upon which the jury might find either an original, or a subsequent delivery as a deed; these are questions upon which we forbear to express an opinion. Let the law on these points be as it may, we nevertheless approve of the instruction given by the Judge “ that the plaintiff could not in law maintain this action.”
 

 The plaintiff asserts his right to the money alleged to have been received to his use, by the defendant’s testator, solely under this supposed assignment. Now whatever operation this instrument may have in equity,
 
 at law,
 
 it did not transfer a title to the distributive share, nor to the money decreed upon it. At law, it could operate only as authority to the plaintiff to collect the money, and perhaps justify him in retaining it, after it should have been collected. When, therefore, the defendant’s testator received the money, he received what in law belonged to him, and we do not see, therefore, how the law can infer upon this receipt, an undertaking to pay the money over to the plaintiff. The case does not appear to us to be analogous to those in which a man has received money
 
 as the agent
 
 of another, to which his principal had not a legal right. There the money was received as the money of the principal, avowedly to the use of the principal, and must be paid over to the principal, unless the payment be intercepted by him who has a right to forbid it. The
 
 dictum
 
 of Abbott, C. J., in
 
 Cooper
 
 v.
 
 Wrench,
 
 1 Dowling & Ryland, 482, (16 Eng. Com. Law Reps. 51,) and the decision in
 
 Allen
 
 v.
 
 Impett,
 
 8 Taunt. 263, (4 Eng. Com. Law Reps. 97,) seem to us to depend upon this position, and if correct, can be supported only by it. Here indeed the
 
 legal
 
 relations of the parties, were those of principal and agent, but the defendant’s testator stood in the relation of principal,
 
 *44
 
 and the plaintiff in that of agent. The plaintiff could maintain no action of law against the defendant’s testator, unless it were founded on some covenant in the deed, or
 
 possibly
 
 on an express promise to pay the money collected. •We cannot believe that the action of assumpsit for money had and received may be maintained by the assignee of an unnegotiable chose in action against the assignor, merely because he has collected the money after an ineffectual attempt to transfer the debt. As to the rights of the parties in a Court of Equity, none but that Court is competent either to determine or to enforce them.
 

 Pek Cukiam. Judgment affirmed.