If one sell and convey a chattel absolutely, he cannot afterwards say he had no title at the time or a defective one, and for that reason take the thing back. In an action for it by the purchasers against the seller, the latter's conveyance must conclude the matter between them. It is impossible he *Page 299 
could be allowed to justify the detention in direct opposition to his own sale. It must be the same when an action is brought against one claiming under or representing the seller, which is the case here, as the defendant alleges a newly acquired title in his intestate, who conveyed to the plaintiff's testator, and that such title came to defendant as her administrator. It was admitted in the argument that this was generally true. But it was insisted not to be so here, because the deed to the testator was made by one of the next of kin of an intestate from whom the negroes came, and therefore that it passed her distributive share of them, and, consequently, that it could not create an estoppel. Now, an absolute sale of a personal chattel, unless there be a stipulation to the contrary, imports a warranty of title, where possession is delivered, and it would seem that the vendor could not recover the thing, nor withhold the possession of it from the vendee, against his own undertaking that the title was good, upon such a quibble as that supposed, namely, that the title was at the time of the sale good for a month, or for an undivided tenth part of the thing sold. But, in truth, it need not be considered here whether the ancient technical rule alluded to, which concerns conveyances of land, can be applied to sales of personalty. For a right to a distributive share is clearly not an estate of which any notice whatever can be taken at (416) law as the subject of a conveyance. Smith v. Gray,18 N.C. 42. It is a mere right to call the administrator to account and have a decree for distribution after the debts paid, and the next of kin have no legal property in any specific chattels which may form parts of the effects. All the next of kin together cannot recover or convey a single slave. When the administrator has made a distribution, then, and not till then, do the next of kin acquire a legal interest or title. A decree against the administrator for distribution does not vest the legal right in things decreed to the next of kin, but only operates in personam, and requires the administrator, in whom the title is, to convey it in such mode as will be effectual to vest the property at law; as, for example, to endorse bonds, make transfers of bank stock and public securities, or convey or deliver slaves; and until such endorsement, transfer or delivery, the next of kin has not the property and cannot sue as the legal owner, that is, in his own name. In a legal sense, then, the deed passed the property in the slaves to no extent whatever; and, consequently, if the subject were land, in which the vendor had but an equitable interest, the case would not be within the rule relied on for the defendant. Nor can the operation of the intestate's conveyance be affected by the decree in the suit against *Page 300 
the administrator. The nature of decrees in equity has just been mentioned. They do not even profess to pass the legal title, and therefore they cannot create an estoppel in relation to it. It was said, indeed, that the petition was for partition among the next of kin, as tenants in common. Doubtless a partition of land or of slaves, under the statute, constitutes a legal title, for the parties had a title of that kind before, and all they wanted, in addition, was that each one's share should be allotted in severalty, and the statute gives the judgment that operation. But petitions for legacies and distributive shares and the (417) decrees in them partake of the nature of the like proceedings in equity (Holding v. Holding, 1 N.C. 635; Wrightv. Lowe, 6 N.C. 354); and the suit in this case was against the administrator for distribution, and between tenants in common for partition. In itself, therefore, the decree can have no effect on the title to the slaves, either as a conveyance or an estoppel, and the judgment should be affirmed.
PER CURIAM. Judgment affirmed.